**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | | |
|---|---|---|---|
| **FRED I. BAPTIST and DEBBIE BAPTIST** | ) | | |
| | ) | | |
| **Plaintiffs,** | ) | | |
| | ) | | |
| **v.** | ) | **No. 09-2569-STA** | |
| | ) | | |
| **THE BANK OF NEW YORK MELLON,** | ) | | |
| **f/k/a THE BANK OF NEW YORK and** | ) | | |
| **WILSHIRE CREDIT CORPORATION,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

---

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants' Motion to Dismiss or in the Alternative Motion for More Definite Statement (D.E. # 16) filed on February 19, 2010.  Plaintiffs have responded in opposition to the Motion.  For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiffs have alleged the following in their Complaint: Plaintiffs are residents and citizens of DeSoto County, Mississippi, and they have been so at all relevant times with respect to the allegations herein. (Compl. ¶ 1)  They reside at 65 Bailey Road, Nesbit, Mississippi, 38651 (the "Subject Property").  (*Id.*)  Defendant The Bank of New York Mellon, f/k/a, The Bank of New York ("The Bank of New York Mellon ") is, upon information and belief, a New York corporation and banking entity. (*Id.* ¶ 2)  The Bank of New York Mellon is believed to be a national bank which can be found in this jurisdiction. (*Id.*)  Defendant Wilshire Credit Corporation ("Wilshire") is sued in its capacity as "attorney in fact" for the Defendant The Bank

1

of New York Mellon. (*Id.* ¶ 3)  Plaintiffs received ***inadequate and misleading notice*** of the foreclosure. (*Id.* ¶ 5) (emphasis in original)  Plaintiffs were confused about their status because the mortgage company had been accepting payments, apparently, before, during and after the final foreclosure. (*Id.*)  Plaintiffs had been involved with negotiations and payments with the loan workout department of the Defendant. (*Id.*)  During the life of the mortgage the payments have been less than $1,500.00 per month. (*Id.*)

Plaintiffs further allege that the charges and fees which have been run up on the account are excessive, duplicative, and have led to further and additional defaults. (*Id.* ¶ 7)  The loan extended and the refinancing made on the Plaintiffs' home was abusive, predatory and unreasonable. (*Id.*) At the time the loan was extended, Defendants knew or should have known that the loan was unsuitable for Plaintiffs, and was in fact, predatory. (*Id.*)

Plaintiffs allege that the Deed of Trust in this instance is a contract of adhesion; not contemplated, read or negotiated by the parties, and that the process in Mississippi of foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise have under due process of law.  (*Id.* ¶ 8)

Furthermore, the Corporate Assignment of Deed of Trust states that Nationscredit Financial Services Corporation (the "Assignor") assigned to ***JP Morgan Chase Bank as Trustee for the CSFB Trust 2004-CF1*** (the "Assignee") the full benefit of all the powers and of all the convenants and provisions therein contained and the said Assignor hereby grants and conveys to the Assignee, the Assignors interest under the Deed of Trust (emphasis added in original). (*Id.*) Also on or about June 18, 2007, an Appointment of Substitute Trustee was concurrently recorded in Desoto County, Mississippi, listing ***The Bank of New York (as***

*Successor in Interest to JP Morgan Chase Bank) as Trustee for the CSFB Trust 2004-CF1*. (emphasis added in original) (*Id.*) This Appointment of Substitute Trustee was signed and prepared by *Wilshire Credit Corporation as Attorney in Fact for The Bank of New York (as Successor in Interest to JP Morgan Chase Bank) as Trustee for the CSFB Trust 2004-CF1* (emphasis added in original). (*Id.*)

On or about April 28, 2008, a Proof of Claim ("POC") was filed in the Chapter 13 Case of Fred L. Baptist. (*Id.*)[1] The POC lists the creditor as The Bank of New York, as successor Trustee to JP Morgan Chase Bank National Association, as original Trustee for the CSFB Trust 2004-CF1. (*Id.*) The name and address where official court notices should be sent is listed as Wilshire Credit Corporation as servicer for The Bank of New York, as successor Trustee to JP Morgan Chase Bank National Association, as original Trustee for the CSFB Trust 2004-CF1. (*Id.*)

Finally, on or about November 20, 2008, a Substituted Trustees Deed was recorded in Desoto County, Mississippi. (*Id.*)  The Substituted Trustees Deed makes reference to the Deed of Trust that was subsequently assigned to JP Morgan Chase Bank as Trustee for the CSFB Trust 2004-CF (sic). (*Id.*) The Substituted Trustees Deed further states that pursuant to the aforementioned assigned Deed of Trust the Bank of New York, as successor Trustee to JP Chase Bank National Association, as original Trustee for the CSFB Trust 2004-CF was authorized to declare the entire indebtedness, together with attorney's fees, expenses and costs, immediately due and payable. (*Id.*) On November 13, 2008, during legal hours, (sic)

---

[1] This appears to be a typographical error in the Complaint.  In every other instance, Plaintiff is named as Fred I. Baptist.

offered for sale at public auction and sold to highest bidder the Subject Property. (*Id*.)

On or about March 31, 2009, the Plaintiff filed a Complaint against JP Morgan Chase Bank with this Honorable Court (Case No. 2:09-cv-02185-BBD-dkv). (*Id*.) As alleged in that Complaint, Plaintiffs received inadequate and misleading notice of the foreclosure. (*Id*.) As stated above, there are no less than three (3) different entities who were identified as (a) the Trustee of the Security Instruments, (b) Successor Trustees of the Security Instruments and/or (c) Servicer for the Successor Trustee of the Security Instruments. (*Id*.) The title to the Subject Property is "cloudy" at best. (*Id*.) There is an "attorney in fact" designation mentioned hereinabove concerning Wilshire Credit Corporation that should concern the Court. (*Id*.)  That Complaint was dismissed for technical reasons and is currently on appeal. (*Id*.)

Plaintiffs further allege that the adjustable rate mortgage and product which financed this loan was abusive, and resulted in a huge increase in the loan payment, and further, that the loan from the outset was calculated to result in a default through techniques such as front-loading huge fees and also not including an escrow for the payment of taxes and for the collection of insurance premiums. (*Id*. ¶ 9)  Plaintiffs allege that the Defendants have violated RESPA, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, in that the closing on their home for the loan that was obtained resulted in a fraudulent and deceptive loan. (*Id*.)

As a result of the concerted conduct of the Defendants, Plaintiffs have been damaged, have no peace of mind with respect to the property, and have lost financing opportunities and other avenues of relief. (*Id*. ¶ 10)

Plaintiffs allege that it is misleading to debtors and consumers to have a

collection department that is soliciting inquiries and telling consumers one thing, and a lawyer who is foreclosing on the property at the same time. (*Id*. ¶ 11)  In this case, there was no notice of anything except the payments which were due, and the notices as to what the payment "was" were confusing and not explained. (*Id.*)  As a result of not receiving proper notice, Defendants have left Plaintiffs with no timetable that is manageable for the reinstatement of their loan. (*Id*. ¶ 12)  In fact, they have been told it is an impossibility. (*Id.*)

Of the money that the Plaintiff allegedly owes on the mortgage, it is alleged that the majority of the past due funds are attorney fees, unexplained mortgage charges, escrow advances that were not disclosed or explained, and/or tax advances that should not have been necessary in the case if the Defendants had properly calculated the funds needed on an ongoing basis starting about three (3) years ago. (*Id*. ¶ 13)  Plaintiff (sic) has no remedy at law to remain in the property, and they will suffer an irreparable injury in the event they are evicted. (*Id.*)

Plaintiffs have a relative that wants to buy the property at a fair price. (*Id*. ¶ 14)  These efforts have been refused without explanation. (*Id.*)  Plaintiffs suggest that it is because of racial animus that they have been denied this opportunity. (*Id.*)  Given the current state of real estate in the United States there is no other explanation. (*Id.*)  The offer that was extended was well within the sales prices that have been obtained in the area. (*Id.*)

In the Motion before the Court, Defendants argue that Plaintiffs' Complaint has failed to state a claim upon which relief may be granted.  Defendants assert that the Complaint makes reference to several causes of action including fraud, violations of RESPA, and violations of Plaintiffs' due process rights.  Defendants describe the allegations as "speculative and unclear

and do not provide Defendants with notice of the claims against them."  Furthermore, any claims alleging cloud to title to the Subject Property should be dismissed because the Substituted Trustees Deed conclusively established Defendants' interest in the property at the time of the foreclosure.  Concerning any allegation of fraud, Defendants contend that Plaintiffs have failed to allege any fraud with the requisite particularity.  Plaintiffs have failed to allege what false statements were made, who made them and when, and whether Plaintiffs relied on the statements to their detriment.  Defendants also argue that Plaintiffs have failed to state a claim pursuant to RESPA.  The Complaint contains no allegations about how Defendants violated RESPA other than to state generally that Plaintiffs' mortgage loan was "fraudulent and deceptive."  Defendants then assert that Plaintiffs have failed to state a due process claim based on Mississippi's non-judicial foreclosure procedure.  In the alternative, Defendants seek a more definite statement.

Plaintiffs have responded in opposition to Defendants' Motion to Dismiss.  In their response brief, Plaintiffs recite many of the factual allegations of their Complaint.  Plaintiffs contend that they did not receive adequate notice of the foreclosure of their home.  According to Plaintiffs, an exhibit to their response indicates that JP Morgan Chase Bank did have an interest in the Subject Property at the time of the foreclosure.  For that reason the title is "cloudy at best" and Defendants' Motion is moot.  Plaintiffs argue that Defendants have used their Motion for a More Definite Statement as a substitute for discovery.  Additionally, Defendants have failed to show that Plaintiffs' Complaint is deficient under *Twombly*.  Plaintiffs state that Defendants have simply failed to read the Complaint carefully.  Finally, Plaintiffs contend that they have now provided in their response "all information relevant to the relief sought in the Complaint."

6

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and

---

[2]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3]  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4]  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5]  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6]  *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly, ...* in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

As an initial matter, the Court finds that Defendants' Motion is well-taken.  Plaintiffs' Complaint fails to comply with the Federal Rules of Civil Procedure and the plausibility pleading standard announced in *Twombly* and *Iqbal*.  For example, Plaintiffs have failed to allege facts showing that this Court has jurisdiction over these parties or that venue is proper in this District.  Both issues are relevant to what state's substantive law the Court should apply.[9]  The Complaint largely consists of recitations from various instruments recorded about the Subject Property in DeSoto County, Mississippi.  Plaintiffs are identified in the Complaint as residents of Mississippi.  Defendant Bank of New York Mellon is identified as a New York corporation and a national banking association.  Defendant Wilshire is not identified at all other than to indicate that its registered agent for service of process is in Nashville, Tennessee.  Plaintiffs have also produced a court order involving these same parties from the County Court of DeSoto County, Mississippi.[10]  Many of Plaintiffs' allegations are legal assertions which are not entitled to any

---

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9] *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992).

[10] Pls.' Resp., ex. E, Order Finding in Plaintiff's Favor on Plaintiff's Complaint for Unlawful Entry and Wrongful Detainer, Mar. 9, 2009, *The Bank of New York Mellon v. Fred. I*

deference under Fed. R. Civ. P. 12. Likewise, Plaintiffs' response to the Motion does little to clarify their allegations. Where Plaintiffs' brief is responsive to Defendants' Motion, Plaintiffs have failed to address Defendants' specific arguments for dismissal. Therefore, the Court concludes that the Complaint fails to give Defendants adequate notice of all of Plaintiffs' theories of recovery.

Despite these deficiencies, it appears to the Court that Plaintiffs' suit is based, at least in part, on the following theories: fraud including inadequate and misleading notice of the foreclosure (Compl. ¶ 5), receiving loan payments after the final foreclosure (*Id*.; ¶ 11); excessive charges and fees related to the loan (*Id*. ¶ 7), which were not properly itemized (*Id*. ¶ 13); predatory lending (*Id*.) including making a fraudulent loan in violation of RESPA (*Id*. ¶ 9); violations of due process rights (*Id*. ¶ 8); and cloud on title to the Subject Property (*Id*.). The Court concludes that Plaintiffs' Complaint fails to state any of these claims.

## I.      Violations of Due Process

"To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[11] First, the Court holds that Plaintiffs have failed to state a claim for violation of their due process rights. Assuming that Mississippi law would govern the foreclosure which took place in Mississippi, under Mississippi law non-judicial foreclosure does not present a due process issue because such foreclosure

---

*Baptist et al.*, No. CO2009-0187CD, County Court of DeSoto County, Mississippi. The Order does not include a signature from the presiding judge in that case.

[11] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

procedures do not involve state action.[12]  It is axiomatic that due process concerns are implicated

only where there is governmental action.[13]  Here Plaintiffs have not alleged any governmental

action involved in the foreclosure of the Subject Property.  Therefore, Plaintiffs' due process

claim is dismissed.

## II.      Cloud on Title

Second, the Court holds that Plaintiffs have failed to state a claim to remove cloud from

title of the Subject Property.  Plaintiffs have recited a series of instruments recorded about the

Subject Property, apparently contending that Defendants' actions have created a cloud on title.

Plaintiffs' allegation lacks merit.  Both parties have attached a copy of the Substituted Trustees

Deed ("the Deed") recorded on November 11, 2008 to their briefs, and Plaintiffs have cited the

Deed in their Complaint.  The Court retains the discretion to consider or exclude such extrinsic

evidence presented with a Rule 12(b)(6) to dismiss.[14]  Rule 10(c) provides that "[a] copy of any

written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Rule

10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents

upon which his action is based.[15]  Documents that a defendant attaches to a motion to dismiss are

---

[12] *Leininger v. Merchants & Farmers Bank*, 481 So. 2d 1086, 1090 (Miss. 1986).  *Accord Ray v. Oakland County Drain Comm'n*, 115 F. App'x 775, 777 (6th Cir. 2004) (applying Michigan law).

[13] *E.g. Sutton v. U.S. Small Business Admin.*, 92 F. App'x 112, 121 (6th Cir. 2003) (delineating three factors to determine how much process required under Due Process Clause including the private interest that the governmental action affects and the government's interest).

[14] *Jones*, 521 F. 3d at 561.  *See also Pueschel v. United States*, 369 F.3d 345, 353 n. 3, (4th Cir. 2004); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

[15] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

10

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.[16]  Thus, the Court may consider the Deed for purposes of this Motion.

The Court holds that the Deed is clear and unambiguous as a matter of law that Defendant The Bank of New York Mellon was the assignee and successor trustee to JPMorgan Chase Bank National Association ("JPMorgan").  JP Morgan retained no interest in the Subject Property.   This result is also consistent with the Court's Order of Dismissal in another civil case Plaintiffs filed in this District where the Court held that the same Deed showed that JPMorgan no longer held any interest in the Subject Property.[17]  Therefore, Plaintiffs' allegation that title is clouded is dismissed.

## III.    RESPA

Next, the Court holds that Plaintiffs have failed to state any claim pursuant to RESPA. Plaintiffs have stated that the Court has jurisdiction in this matter by virtue of the diversity of citizenship of the parties, and made no reference to any claims made under federal law.[18] Plaintiffs have made only one allegation concerning violations of RESPA, namely, that Defendants entered into a fraudulent and deceptive loan with Plaintiffs.  Plaintiffs have not cited any particular provision of RESPA.  In fact, RESPA includes several consumer protections,

---

[16] *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

[17]  Order Granting Defendant's Motion to Dismiss, Aug. 5, 2009, *Fred I. Baptist et al. v. JPMorgan Chase Bank*, no. 2:09-cv-02185-BBD-dkv (dismissing complaint against JP Morgan because JP Morgan no longer had interest in Subject Property).

[18] Compl. ¶ 4.

some creating a private cause of action[19] while others do not.[20]  RESPA also includes different

statutes of limitations for actions brought under different sections of the Act.[21]  In light of the

variety of provisions under RESPA and the Complaint's lack of specificity, Plaintiffs' Complaint

does not adequately give Defendants notice of Plaintiffs' RESPA theory, if any, or permit

Defendants to assess the sufficiency or timeliness of such a claim.  Therefore, the Court

concludes that Plaintiffs have failed to state a claim pursuant to RESPA.

## IV.    Fraud

Finally, the Court concludes that Plaintiffs have failed to state any claim sounding in

fraud, whether pursuant to state common law or RESPA.  Assuming without deciding that

Mississippi law applies,[22] Plaintiff must show the following in order to establish a claim for

fraud: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its

falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the

manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its

---

[19] *E.g.* 12 U.S.C. § 2605(e) (private cause of action for failure to provide proper disclosures about the sale, transfer, or assignment of the loan).

[20] *E.g.* 12 U.S.C. § 2604(c) (no private cause of action for failure to provide a Good Faith Estimate of the amount or range of settlement charges); § 2607(d) (no private cause of action for kickbacks or unearned fees); § 2609 (no private cause of action for failure to provide escrow statements).

[21] 12 U.S.C. § 2614 (creating three-year statute of limitations for violations of § 2605 and one-year statute of limitations for violations of §§ 2607 and 2608).

[22] The elements of common law fraud are similar under Tennessee law: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008).

truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.[23]  Fed. R. Civ. P. 9(b) requires a plaintiff to plead fraud with particularity.  At a minimum plaintiff must allege "the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud."[24]  Furthermore, "failure to plead an essential element of a claim of fraud warrants dismissal of a claim...."[25]  "[A] district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions."[26]  Plaintiffs' allegations of fraud are deficient in that Plaintiffs have failed to allege the time, place and content of the alleged misrepresentations as well as other elements to plead the alleged fraud with particularity.  Therefore, any allegations of fraud are dismissed for failure to state a claim.

Having held that Plaintiffs cannot state a claim for violations of due process or cloud on title as a matter law, the Court grants Defendants' Motion to Dismiss those claims.  Likewise, Plaintiffs' claim under RESPA and the rest of Plaintiffs' claims sounding in fraud are dismissed for failure to allege all of the elements of those claims.

## V.     Motion for a More Definite Statement

Defendants have moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e),

---

[23] *Mabus v. St. James Episcopal Church,* 884 So.2d 747, 762 (Miss. 2004).

[24] *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).

[25] *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

[26] *Hagen v. U-Haul Co. of Tenn.*, No. 08-cv-1197, 2009 WL 211094, *7 (W.D. Tenn. Jan. 28, 2009) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)).

which provides

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading. The Motion shall point out the defects complained of and the details desired. If the Motion is granted and the Order of the Court is not updated within fourteen (14) days after notice of the Order or within such other time as the Court may fix, Court may strike the pleading to which the Motion was directed or makes such Order as it deems just.[27]

Based on the Court's holding that Plaintiffs' Complaint fails to state any of the claims, Defendants' Motion for More Definite Statement is **DENIED** as moot.

<u>CONCLUSION</u>

Defendants' Motion to Dismiss is **GRANTED** as to all of Plaintiffs' claims.  Plaintiffs have failed to state a claim for violations of their due process rights and to remove cloud on title as a matter of law.  Plaintiffs have failed to allege the elements of a claim pursuant to RESPA or for any claim sounding in fraud.  Defendants' Motion for More Definite Statement is **DENIED** as moot.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 16th, 2010.

---

[27] Fed. R. Civ. P. 12(e).

14